UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REMUS ALEXANDER BULMER,

v.  Case No.   8:03-cr-57-T-24TMB
                    8:05-cv-2376-T-24TBM

UNITED STATES OF AMERICA.

_____/

**ORDER**

On December 28, 2005, Defendant Remus Alexander Bulmer (Bulmer) signed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1; cr-26).

BACKGROUND

On September 23, 2003, Bulmer pled guilty to counts one and three of the Indictment. The Plea Agreement (Doc. cr-16, ¶ 1) reads:

> Count one charges the defendant with distribution of 5 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Count three charges the defendant with possessing a firearm after having been convicted of a felony, in violation of Title 18 U.S.C. § 922(g)(1).

On January 22, 2004, the Court sentenced Bulmer to 262 months incarceration as to count one and 120 months incarceration as to count three. The sentences ran concurrently. The undersigned district court judge signed the judgment on that day. Bulmer did not appeal the conviction or sentences.

DISCUSSION

Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255.

Motion To Vacate Is Time-Barred

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final. Bulmer's conviction became final on February 1, 2004, when the time for filing a direct appeal had passed; thus, he had until February 2, 2005 to file a timely section 2255 motion. See Adams v. United States, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires). Bulmer did not file his motion to vacate until December

2005, and the motion to vacate is time-barred.

Bulmer has not presented any exceptional circumstances for tolling the one-year limitations period.

Accordingly, the court orders:

That Bulmer's motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-26) is denied, with prejudice, as time-barred. The Clerk is directed to enter judgment against Bulmer in the civil case and to close that case.

ORDERED at Tampa, Florida, on January 4, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA: Pamela Marsh
Pro se: Remus Alexander Bulmer